# IN THE COURT OF APPEALS OF IOWA

No. 18-1841
Filed April 29, 2020

**ZEN RESTAURANTS LLC,**
    Plaintiff-Appellee,

**vs.**

**KIRKWOOD COMMONS, LLC,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Polk County, Sarah E. Crane, Judge.


Kirkwood Commons, LLC appeals the district court's entry of declaratory

judgment in its favor. **AFFIRMED.**



David Barajas of Macro & Kozlowski, L.L.P., West Des Moines, for

appellant.

David J. Hellstern of Sullivan & Ward, P.C., West Des Moines, for appellee.



Considered by Vaitheswaran, P.J., and Mullins and Ahlers, JJ.

**VAITHESWARAN, Presiding Judge.**

Zen Restaurants, LLC (Zen) owned several restaurants in Des Moines, Iowa. Zen leased space for two of the restaurants from Kirkwood Commons, LLC (Kirkwood). Between 2006 and 2015, Zen paid Kirkwood $250 to $350 per month in "common area maintenance" (CAM) fees. In 2015, Kirkwood proposed to increase the fee to $2500 per month, but it later reduced the sum to $1515.89 per month. Zen refused to pay the increased amount.

Zen sued Kirkwood, seeking a declaration that the increase of "577%" was "invalid and unenforceable."[1] Following trial, the district court found that an addendum to the lease referred to as "Addendum 1" "further detailed the CAM charges at issue" and "[t]he parties acted as if Addendum 1 had been signed until this dispute arose in 2015." The court determined "that Addendum 1 [was] an agreement between the Parties and part of the Lease." Applying the lease terms, including the terms of Addendum 1, the court increased Zen's CAM fee from $250 to $476.11 per month, an amount that was significantly lower than the sum Kirkwood requested. Kirkwood appealed.

Kirkwood contends Addendum 1 was not "mutually accepted by the parties and enforceable." In Kirkwood's view,

> [t]here was no evidence presented at trial showing that Addendum 1 was ever signed by either [party,] which was a prerequisite to any modifications of the lease agreement, and as such it was improper for the district court to consider Addendum 1 in making its Findings of Fact and Conclusions of Law.

---

[1] Zen raised other claims that the court resolved against Zen. The court ruled, "The narrowing of claims to the declaratory judgment matter is consistent with the parties' post-trial briefs." Neither party disputes the court's statement.

In support of its argument, Kirkwood cites the following lease provision:

> **Entire Agreement; Amendments.** This Lease contains all agreements between Landlord and Tenant with respect to any matter mentioned herein, and no other prior or contemporaneous agreement or understanding shall be effective. . . . *No subsequent alterations, amendments, changes or additions to this Lease shall be binding unless reduced to writing and signed by each party.*

(Emphasis added.)

Although Kirkwood did not rely on this integration clause in the district court, and the district court did not cite it, Zen agrees error was preserved, and so do we. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal."). With or without the integration clause, the substance of Kirkwood's argument was and is that Addendum 1 was not signed and, accordingly, was unenforceable. *See McKenzie v. E. Iowa Tire, Inc.,* 448 N.W.2d 464, 466 (Iowa 1989) ("We believe the issues now before us were tried to the court by consent. . . . McKenzie sufficiently preserved his claim of error for appeal.").

In determining that the parties agreed to Addendum 1, the district court made the following findings:

> On January 18, 2007, Eric Wolfe, a representative of Kirkwood, sent a proposed lease addendum to clarify the formula for the CAM charges. This email invited review and reply. (Exhibit 4). On February 8, 2007, Eric Wolfe sent another email with an updated "final lease addendum." Wolfe specifically noted that it had been "modified per your request." Wolfe asked [Zen owner] Hutchison to sign and noted that he would ensure John Chudy [an owner of commercial space at the building] signs. He further stated: "Thanks for your help in getting this agreement clarified and reduce[d] to writing in a mutually agreeable form. Hopefully this will help to avoid any future surprises or disagreements about utility or maintenance issues." (Exhibit 5). The attachment to Exhibit 5 included changes

proposed by Zen's attorney modifying the obligations for proportionate share of expenses. It is unclear whether that addendum was signed in February 2007 or not. On April 9, 2008, Steve Grow, a property manager for Kirkwood sent an email calculating the expenses in two different ways, one which relied on the specific percentages calculated in the Addendum. Grow stated that Kirkwood would honor the lower amounts as calculated by Addendum 1 if Zen would sign and return Addendum 1. (Exhibit 7). Hutchison testified that he then signed Addendum 1 and returned it. There is no dispute that the Parties applied Addendum 1 for the next seven (7) years.

The Court finds that, at a minimum, an agreement on Addendum 1 (as set forth in Exhibit 5) was reached in April 2008. The email from Kirkwood property manager Grow offered to honor Addendum 1 if Hutchison signed it. Hutchison testified that he signed it, which would constitute acceptance of that offer. The Court finds Hutchison's testimony credible. It is undisputed the Parties acted in conformity with Addendum 1 for the next seven (7) years, until this dispute developed. Even Kirkwood relies on terms defined in Addendum 1 in its efforts to calculate what it calls CAM charges. (See Worksheet 1 in Exhibit H). John [Chudy] testified that he refused to sign Addendum 1. This testimony does not change the Court's determination for two reasons. The Kirkwood property manager made an offer to Hutchison to honor Addendum 1. . . . Exhibit 7 is an objective offer—Exhibit 5 referred to Addendum 1 as the final lease addendum and Exhibit 7 offers to honor it. The Court finds the offer was accepted. [Chudy's] claim that he refused to sign because of confusion about the CAM charges is in direct contradiction to the actions of the parties for the next seven (7) years. The Court finds Addendum 1 is part of the Lease.

Substantial evidence supports the court's findings and determination. *See Metro. Prop. & Cas. Ins. Co. v. Auto-Owners Mut. Ins. Co.*, 924 N.W.2d 833, 839 (Iowa 2019) ("The district court's factual findings have the effect of a special verdict and are binding on us if supported by substantial evidence.").

The integration clause does not alter our conclusion. The district court found Hutchison signed Addendum 1, a finding that is supported by substantial evidence. The court further found Chudy's testimony that he did not sign the document lacked credibility, a determination that is uniquely within that court's

purview. *See City of Cedar Rapids v. Leaf*, 923 N.W.2d 184, 196 (Iowa 2018) ("[W]e give weight to the trial court's findings of fact, particularly when it comes to the credibility of witnesses."). Accordingly, the integration clause's requirement that "[n]o subsequent alterations, amendments, changes or additions to this Lease shall be binding unless reduced to writing and signed by each party" was satisfied.

We affirm the district court's findings and conclusions.

**AFFIRMED.**